UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALA ASHOK, | No. 2:25-cv-01032-TLN-CSK |
| Plaintiff, | |
| v. | **ORDER** |
| CITIBANK, N.A., | |
| Defendant. | |

This matter is before the Court on a Motion to Withdraw filed by Employee & Consumer Advocates of Northern California PC, counsel for Plaintiff Mala Ashok ("Plaintiff"). (ECF No. 14.) For the reasons set forth below, the Court GRANTS the motion.

The Local Rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of court upon a noticed motion. E.D. Cal. L.R. 182(d). Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client. *Id.* Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct. *Id.*

The decision to grant or deny a motion to withdraw is within a court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-cv-AWI-SKO-01174, 2011 WL 1087117,

1

at *1 (E.D. Cal. Mar. 24, 2011).  District courts within this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See, e.g.*, *Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

In the instant case, Plaintiff's counsel satisfied Local Rule 182(d) by filing a declaration that it informed Plaintiff of its intent to withdraw and by providing the Court with Plaintiff's last known address.  (ECF No. 14 at 7.)  Plaintiff's counsel also established withdrawal is proper under the California Rules of Professional Conduct.  More specifically, California Rule of Professional Conduct 1.16(b)(4) states an attorney may withdraw from representing a client if the client renders it unreasonably difficult for the lawyers to carry out the representation effectively. Plaintiff's counsel represents that the parties' relationship has broken down due to a sustained lack of communication and other irreconcilable differences, rendering it unreasonably difficult for Plaintiff's counsel to effectively represent Plaintiff.  (*Id.*)  Accordingly, there is good cause to allow Plaintiff's counsel to withdraw.

The Court also finds there is a low risk of prejudice to Plaintiff and the other litigants if this motion is granted as there are no pending hearings scheduled and this case is in the early stages of litigation.  Lastly, the Court cannot identify any harm to the administration of justice or possible delay that would result from granting the motion to withdraw.

For the foregoing reasons, the Court hereby GRANTS the Motion to Withdraw (ECF No. 14), leaving Plaintiff in Pro Per.  This case is REFERRED to the assigned magistrate judge for all purposes, exclusive of the pretrial conference and trial.  *See* Local Rule 302(c)(21).  The Clerk of Court is directed to serve this Order on Plaintiff at 3900 N. Street, #A, Sacramento, CA 95816.

//

//

//

2

IT IS SO ORDERED.

Date: May 28, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE